21-905-cv
*Rubenstein v. Adamany*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                       *Circuit Judges.*

---

STANLEY RUBENSTEIN, Derivatively on Behalf of
Nominal Defendant JEFFERIES FINANCIAL
GROUP INC.,

                *Plaintiff-Appellant,*                    21-905-cv

              v.

LINDA L. ADAMANY, BARRY J. ALPERIN, ROBERT D.
BEYER, FRANCISCO L. BORGES, W. PATRICK
CAMPBELL, PAUL M. DOUGAN, BRIAN P. FREIDMAN,
MARYANNE GIMARTIN, RICHARD B. HANDLER,
ALAN J. HIRSCHFIELD, JAMES E. JORDAN, ROBERT E.
JOYAL, JACOB M. KATZ, JEFFREY C. KEIL, MICHAEL
T. O'KANE, JESSEE CLYDE NICHOLS, III, STUART H.
REESE, MICHAEL SORKIN, and JOSEPH S. STEINBERG,

                *Defendants-Appellees,*

JEFFERIES FINANCIAL GROUP INC.,

1

FOR PLAINTIFF-APPELLANT:        HUNG G. TA (JooYun Kim, Natalia D. Williams, *on the brief*), HGT Law, New York, NY, (Peter Safirstein, Elizabeth Metcalf, Safirstein Metcalf LLP, New York, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES:        GEORGE S. WANG, Simpson Thacher & Bartlett LLP, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED** with respect to Rubenstein's claims under New York state law and **VACATED** with respect to Rubenstein's claim under section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act"), and the cause is **REMANDED** to the District Court for further proceedings on Rubenstein's claim under section 14(a) of the 1934 Act.

Stanley Rubenstein brings this shareholder derivative suit, nominally on behalf of Jefferies Financial Group Inc. ("Jefferies"), against officers and directors of Jefferies. Rubenstein alleges that Jefferies's executive officers—Brian P. Friedman, Richard B. Handler, and Joseph S. Steinberg—extensively misused Jefferies's three aircraft for personal travel, and misclassified personal flights as business flights. Among the alleged abuses are a director-executive flying friends and family from Morristown to Tampa to attend a football game, then from Tampa to New Orleans before returning to Morristown. It is also alleged that one defendant flew twenty-five personal guests on two aircrafts, without any company employees on board. Rubenstein further alleges that Jefferies's board members (including Friedman, Handler, and Steinberg; together, "Defendants") failed to prevent this misuse and approved proxy statements that concealed it. In addition to the raw expense, the misuse allegedly cost Jefferies millions of dollars in disallowed tax deductions and exposed it to potential claims by regulators.

On March 6, 2018, Rubenstein demanded that Jefferies's board investigate this alleged misuse. The Board of Directors formed a special committee to investigate, assisted by outside counsel. The special committee recommended several changes, but it concluded that Jefferies should not pursue legal claims against Friedman, Handler, or Steinberg. Jefferies's board accepted

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

the special committee's recommendations. Rubenstein alleges that the special committee wrongly refused to sue because, among other things, it failed to inform itself about (1) unaccompanied non-employees using Jefferies's aircraft, and (2) the extent of incorrectly documented personal use.

Rubenstein alleges New York state law claims, as well as a claim under section 14(a) of the 1934 Act, 15 U.S.C. § 78n, and Rule 14a-9, 17 C.F.R. § 240.14a-9. The District Court dismissed the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. It concluded that the board's decision not to sue on a state law theory was a valid business judgment under New York law, and that Rubenstein had not pleaded a section 14(a) claim because he failed to make sufficient allegations of loss causation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim on which relief can be granted, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). The same is true for a district court's decision to dismiss a derivative action. *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 231, 236 (2d Cir. 2015), *certified question answered*, 124 A.3d 33 (Del. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## I.

New York's business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Auerbach v. Bennett*, 393 N.E.2d 994, 1000 (N.Y. 1979). Because "[d]erivative claims against corporate directors belong to the corporation itself[,] . . . the decision whether and to what extent to explore and prosecute such claims lies within the judgment and control of the corporation's board of directors." *Id.* Notwithstanding these limits, "the court may inquire as to the disinterested independence of the members of th[e] [special] committee and as to the appropriateness and sufficiency of the investigative procedures chosen and pursued." *Id.* at 996. As Rubenstein does not allege a lack of disinterested independence, we inquire only as to the sufficiency of the special committee's investigative procedures. We defer to the board's decision not to sue unless the shareholder alleges "that the investigation has been so restricted in scope, so shallow in execution, or otherwise so [p]ro forma or halfhearted as to constitute a pretext or sham." *Id.* at 1003.

Rubenstein's complaint does not cross this high bar. He relies on distinguishable cases where the plaintiffs alleged more indicia of an incomplete process. Rubenstein's complaint, for

3

example, does not allege that the special committee failed to interview necessary witnesses.[1] It does not identify a government investigation resulting in a contrary outcome.[2] Nor does it claim that the special committee failed to assist its retained counsel in investigating.[3] Without more, Rubenstein's principal claims—that the special committee failed to uncover incorrectly designated flights and flights with private guests unaccompanied by a Jefferies employee—do not plausibly suggest that the investigation was "a pretext or sham." *Auerbach*, 393 N.E.2d at 1003. Thus, we affirm dismissal of Rubenstein's state law claims.

## II.

"Section 14(a) of the [1934] Act provides that 'it shall be unlawful for any person in contravention of such rules and regulations as the SEC may prescribe to solicit any proxy or consent or authorization in respect of any security registered pursuant to this title.'" *Koppel v. 4987 Corp.*, 167 F.3d 125, 131 (2d Cir. 1999) (alterations omitted) (quoting 15 U.S.C. § 78n(a)). Rule 14a-9, promulgated under section 14(a), states that:

> No solicitation subject to this regulation shall be made by means of any proxy statement . . . containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . .

17 C.F.R. § 240.14a-9(a). Rubenstein alleges that Jefferies's board—all of whose members are named as defendants—solicited investors to elect directors and approve executive compensation based on proxy statements that understated the cost of executive compensation by omitting the extent of the personal use of Jefferies's aircraft and the resulting lost tax deductions.

---

[1] *Cf. City of Orlando Police Pension Fund v. Page*, 970 F. Supp. 2d 1022, 1032 (N.D. Cal. 2013) (noting that the "plaintiff has identified witnesses who should have been interviewed but were not"); *Brosz v. Fishman*, No. 13-CV-753, 2016 WL 7494883, at *5–6 (S.D. Ohio Dec. 29, 2016) (noting a "failure to interview anyone outside the [c]ompany"); *Barovic v. Ballmer*, 72 F. Supp. 3d 1210, 1216 (W.D. Wash. 2014) (noting a failure to "interview a single individual who would have been likely to corroborate [the] [p]laintiffs' claims").

[2] *Cf. Page*, 970 F. Supp. 2d at 1031 (noting a special committee's finding of no wrongdoing, which contradicted a non-prosecution agreement accepting responsibility).

[3] *Cf. Davidowitz v. Edelman*, 583 N.Y.S.2d 340, 344 (Sup. Ct. Kings Cnty. 1992) (noting that the committee did not "join in their counsel's investigation or review, save in the most perfunctory manner"), *aff'd*, 612 N.Y.S.2d 882 (2d Dep't 1994).

We reject Defendants' argument that this is a dressed up fiduciary duty claim. It is true that a plaintiff fails to state a claim under section 14(a) when it alleges that a proxy statement was misleading because it did not disclose that a company's officers and directors had breached their fiduciary duty. *See Koppel*, 167 F.3d at 133–34 (2d Cir 1999); *Field v. Trump*, 850 F.2d. 938, 946-48 (2d Cir 1988). We have reasoned that such claims amount to an "attempt to use [section] 14(a) and Rule 14a-9 as an avenue for access to the federal courts in order to redress alleged mismanagement or breach of fiduciary duty on the part of corporate executives," *Maldonado v. Flynn*, 597 F.2d 789, 796 (2d Cir. 1979), and that such claims are improper because "no general cause of action lies under [section] 14(a) to remedy a simple breach of fiduciary duty," *Koppel*, 167 F.3d at 133. However, this rule is inapplicable here, as Rubenstein does not allege that Jefferies's proxy statements were misleading merely because they failed to disclose that the directors were mismanaging the company. Instead, Rubenstein makes the much more specific allegation that the proxy statements greatly understated the cost of executive and director compensation by failing to disclose the true cost of the Flight Program. Allegations that a proxy statement was misleading because it understated the cost of executive perquisites are not barred by our rule that "[a]llegations that a defendant failed to disclose facts material only to support an action for breach of state-law fiduciary duties ordinarily do not state a claim under the federal securities laws." *Field*, 850 F.2d at 948.

Our precedent similarly requires that we reject Defendants' arguments that Jefferies's disinterested board members made a valid business judgment when they declined to bring the section 14(a) claim on behalf of the company. In *Galef v. Alexander*, the defendant directors who did not receive improperly disclosed option grants authorized the company's counsel to seek dismissal of a pending section 14(a) claim. 615 F.2d 51, 56 (2d Cir. 1980). We assumed that these defendant directors were disinterested under state law, and nonetheless held that federal policy required that they be found to lack the authority to initiate a business judgment dismissal of the section 14(a) claims against them. *Id.* at 64 ("[T]o the extent that [state] law would consider disinterested some defendant directors against whom claims were asserted, . . . [state] law would yield to federal policy."). We noted that it was "inconceivable that directors who participated in and allegedly approved of the transaction under attack can be said to have exercised unbiased business judgment in declining suit based on that very transaction." *Id.* at 61 (citation omitted).[4] The same applies here. Under *Galef*, because all of Jefferies's board members approved the proxy statements at issue, federal policy forbids them from acting on Jefferies's behalf to decline to pursue a section 14(a) claim against themselves.

---

[4] Defendants rely on *Abramowitz v. Posner*, 672 F.2d 1025 (2d Cir. 1982). *Abramowitz*—which concerned section 10(b) of the 1934 Act—is not inconsistent with *Galef* because in *Abramowitz* only a minority of the directors were named as defendants, and the non-defendant directors joined in refusing the demand to file suit. *Id.* at 1027, 1028.

We are thus left to consider the merits of the District Court's conclusion that Rubenstein failed to state a claim under section 14(a) because he failed to allege loss causation. Drawing all reasonable inferences in Rubenstein's favor, we understand his complaint to allege that, had the proxy statement accurately portrayed the cost of the abuse of the Flight Program, Jefferies's board would have lost reelection, which would have had the result of ending or reducing the practice of excessive personal travel on company airplanes. In finding that this theory was insufficient to make out loss causation under section 14(a), the District Court reasoned that "the mere fact that omissions in proxy materials, by permitting directors to win re-election, indirectly lead to financial loss through mismanagement will not create a sufficient nexus with the alleged monetary loss". App'x 274 (citation omitted). To support this proposition, the District Court cited a district court case (*Witchko v. Schorsch*, No. 15-CV-6043, 2016 WL 3887289, at *7 (S.D.N.Y. June 9, 2016)) and a decision by the Court of Appeals for the Third Circuit (*General Electric Co. v. Cathcart*, 980 F.2d 927, 933 (3d Cir. 1992)), neither of which rest its conclusion on authority binding in this Circuit.

The District Court's reliance on non-binding and out of circuit authority is problematic because previous decisions of this Court have sanctioned claims under section 14(a) where the plaintiff alleged that misleading statements related to director compensation in a company's proxy materials led to the election of board members. Recognizing that "the compensation of directors and key officers . . . [is] explicitly covered by SEC disclosure regulations," we have held that it is a "matter[] of direct and deep concern to shareholders in the exercise of their right to vote." *Maldonado*, 597 F.2d at 796. "Since self-dealing presents opportunities for abuse of a corporate position of trust, the circumstances surrounding corporate transactions in which directors have a personal interest are directly relevant to a determination of whether they are qualified to exercise stewardship of the company." *Id.* We have previously noted that a plaintiff alleging a similar causation theory had "alleged a sufficient causal link between the claimed nondisclosures [of director remuneration] in the proxy statements and the elections which the statements sought to influence." *Galef*, 615 F.2d at 65–66; *see also Weisberg v. Coastal States Gas Corp.*, 609 F.2d 650, 654 (2d Cir. 1979).

That said, it is also true that the rules governing a plaintiff's ability to show causation in private securities litigation have evolved since our decisions in *Maldonado*, *Weisberg*, and *Galef*. In *Virginia Bankshares Inc. v. Sandberg*, the Supreme Court held that a plaintiff's theory of transaction causation was insufficient to make out a claim under section 14(a) because it "turn[ed] on inferences about what the corporate directors would have thought and done without the minority shareholder approval unneeded to authorize [the challenged] action." 501 U.S. 1083, 1105 (1991). This Court has since characterized *Virginia Bankshares* as foreclosing theories of causation "based on 'a merely hypothetical . . . set of facts that never occurred,'" *Grace v. Rosenstock*, 228 F.3d 40, 48 (2000) (quoting *Va. Bankshares*, 501 U.S. at 1106), or where the shareholders' votes "were not required by law or corporate bylaw for the complained-of corporate action to proceed," *Koppel*, 167 F.3d at 137. As a result, it is not clear—and we intimate no view on—whether Rubenstein has adequately alleged loss causation.

The District Court should consider these precedents discussed above in deciding whether the complaint alleges loss causation. We vacate the decision of the District Court not because we have determined that it is wrong—we express no view on that question—but because it was reached without consideration of controlling precedent. [5] The District Court may also consider whether Rubenstein plausibly alleged the materiality of the alleged omissions.

Thus, we vacate the District Court's dismissal of Rubenstein's section 14(a) claim, and remand for further proceedings on this claim.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** with respect to Rubenstein's claims under New York state law and **VACATE** with respect to Rubenstein's claims under section 14(a) of the 1934 Act the April 6, 2021, order and judgment of the District Court, and we **REMAND** the cause to the District Court for further proceedings on Rubenstein's claim under section 14(a) of the 1934 Act consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] We do not consider Defendants' argument—which they did not raise below, and which has not been briefed by Rubenstein—that the subsequent annual election of directors undercuts Rubenstein's section 14(a) causation claims. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006). The Defendants should be free to raise this argument in connection with the District Court's renewed consideration of the sufficiency of the complaint.

7